NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1888
_____

BARON KAILEE ADAMS,
Appellant

v.

US STATES TREASURY SECRETARY;
EXECUTIVE PRESIDENT OF UNITED STATES;
VICE EXECUTIVE PRESIDENT OF UNITED STATES;
TREASURY STATE OF PENNSYLVANIA;
BOARD OF GOVERNORS - WORLD BANK;
FEDERAL RESERVE BOARD GOVERNORS;
TREASURY DEPARTMENT - IRS;
UNITED STATES PATENT OFFICE;
MICROSOFT CORPORATION;
ATF/FBI DIVISION DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-01085)
District Judge: Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: July 29, 2016)

—————

OPINION[*]

—————

PER CURIAM

Appellant Baron Kailee Adams, proceeding pro se, appeals from the District Court's order dismissing his action sua sponte for not meeting the requirements of Federal Rule of Civil Procedure 8 and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When dismissing complaints for failure to state a claim under § 1915(e)(2)(B)(ii), the standard of review is the same as under Fed. R. Civ. P. 12(b)(6). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We agree that Adams did not allege sufficient facts in his Complaint to state a plausible claim for relief. The District Court properly concluded that Adams's Complaint

—————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

is "so confused, ambiguous, vague, or otherwise unintelligible" that it does not meet the standard of providing "a short and plain statement of the claim showing that the pleader is entitled to relief" required by Federal Rule of Civil Procedure 8(a). Rather, the Complaint is a jumbled amalgam of statements regarding various governmental authorities, stock schemes, mining ventures, gun patent plans, presidential orders, and bank guarantees that bear little or no resemblance to a claim demonstrating that Adams is entitled to relief of any kind.

Moreover, when a plaintiff proceeds in forma pauperis, the District Court must dismiss his complaint if it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Under that provision, a complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, Adams's Complaint was legally baseless because it was "based on an indisputably meritless legal theory," Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless because "the facts alleged r[o]se to the level of the irrational or the wholly incredible," Denton v. Hernandez, 504 U.S. 25, 33 (1992).[1]

In addition, the District Court did not err in concluding that, while it is standard practice to allow a pro se plaintiff to amend his or he complaint unless it is clear that granting any such amendment would be futile, see Alston v. Parker, 363 F.3d 229, 235

---

[1] Adams's filings on appeal are equally incomprehensible. Adams's two lengthy Motion filings are nothing more than expanded restatements of the frivolous Complaint. They do not clarify any viable claim. These pending Motions are denied.

(3d Cir. 2004), in this situation Adams's muddled and frivolous allegations underscored that it would be pointless to allow him to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002).

## II.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order dismissing Adams's Complaint.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  Due to our disposition of this appeal, Adams's Motion and Supplemental Motion for Appointment of Counsel will be denied under Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).